UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Accident Insurance Company, Inc., | ) | Case No.: 9:25-cv-03168-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S DECLARATORY** |
| | ) | **JUDGEMENT COMPLAINT** |
| Hammerhead Construction, LLC, | ) | **AGAINST DEFENDANT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES Plaintiff Accident Insurance Company, Inc. (hereafter "Plaintiff") complaining of the Defendant Hammerhead Construction, LLC (hereafter "Defendant"), and alleges and states that:

Plaintiff files this Complaint pursuant to South Carolina Code Annotated §15-53-10, *et. seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.

## PARTIES, JURISDICTION, & VENUE

1. Plaintiff is registered to conduct business in the state of South Carolina and is domiciled in New Mexico.

2. Defendant is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and is located in Beaufort County, South Carolina.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

4. Jurisdiction and venue are proper.

**FACTUAL ALLEGATIONS**

5.  Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 4.

6.  Defendant is a limited liability company located in Beaufort County, South Carolina and provides its customers construction related services.

7.  On April 25, 2015, Plaintiff issued a commercial general liability policy to Defendant, Policy # CPP 0002355 03, that was effective from April 25, 2015 to April 25, 2016.  This policy was renewed on April 25, 2016 (CPP 0002355 04), April 25, 2017 (CPP 0002355 05), and April 25, 2018 (CPP 0002355 06) with an expiration date of April 25, 2019. Hereafter all four policies will be collectively referred to as the "Policy".  A copy of the "03" Policy is attached hereto as Exhibit A.

8.  Upon information and belief, in 2016, Defendant served as the general contractor for the construction of a single-family residence upon a parcel of real property located at 24 Knightsbridge Lane, Hilton Head Island, Beaufort County, South Carolina (the "Property").

9.  Upon information and belief, in 2016 and while serving as the general contractor at the Property, Defendant hired numerous subcontractors and laborers to perform work at the Property, including, but not limited to:

    a.  Taylor Made/Taylor Borger – Electrical Work;

    b.  Designers of Carolina – Sheet Rock/Drywall;

    c.  Custom Stone & Tile – Tile and Flooring;

    d.  Kelca Counters – Countertops;

    e.  Ferguson – Electrical Fixtures;

f.   Cougar Construction – Framing;

g.   Floors to Go by High Tide;

h.   Espy Lumber – Doors & Windows;

i.   Jarvis Plumbing – Plumber;

j.   Espy Lumber – Materials;

k.   Elevator Lift Systems – Elevator;

l.   Cast Stone Traditions – Stone;

m.  David Perkins;

n.   CCS Roof Systems – Roof;

o.   Bear Custom Trim – Interior Trim;

p.   Stone Horse Fireplace Shop – Fireplace;

q.   Allcare Tree Surgery – Landscaping;

r.   Ricky Brown Construction – Foundation/Masonry;

s.   East Coast Cabinets – Cabinets;

t.   Low Country Shelving – Glass;

u.   Hilton Head Exterminators – Pest Control;

v.   Wildcat Steel & Fabricating – Steel;

w.  Olde English Appeal – Painting;

x.   Coastal Gas Piping – Gas;

y.   Island Environments – Driveway;

z.   Island Exterior Finishes – Stucco;

aa. Multicom Welding – Iron Railings;

bb. Southern Stair Builders – Stairs;

cc. Lowcountry Paver – Materials;

dd. Tim Reed Painting – Insulation;

ee. Larry Jansen – Wallpaper;

ff. Living Goods – Appliances; and

gg. T-Square Group – Survey.

(hereinafter collectively the "Subcontractors").

10. Upon information and belief, Defendant did not, prior to the start of work at the Property, obtain a written indemnity agreement from any of the Subcontractors holding Defendant harmless for all liabilities, including costs of defense, arising from the work of each of the Subcontractors.

11. Upon information and belief, Defendant did not, prior to the start of work at the Property, obtain certificates of insurance from any of the Subcontractors indicating that Plaintiff is named as an additional insured and that coverage is maintained by the Subcontractor.

12. Upon information and belief, Defendant did not, prior to the start of work at the Property, obtain proof that all licenses and permits as required by local and/or state statute, regulation or ordinance are up to date for any of the Subcontractors.

13. Upon information and belief, in 2023 following expiration of the Policy, Defendant returned to the Property to provide additional construction related labor, services and materials.

14. On April 25, 2024, the owner of the Property filed a civil action in the Court of Common Pleas, Beaufort County, South Carolina being styled *Rick Lee McCray, et. al. v. Hammerhead Construction, LLC, et. al.*; Civil Action No. 2024-CP-07-00904 (hereinafter the "Defect Action").

15. On April 29, 2024, Defendant's registered agent was served with the Defect Action.

16. On July 10, 2024, Plaintiff issued to Defendant a timely and legally sufficient notice of reservation of rights pursuant to the Policy.  A true and correct copy of which is attached hereto as Exhibit "B."

17. To date, Plaintiff has provided Defendant with a defense in the Defect Action.

18. Relevant to the claims asserted herein, Plaintiff's July 10, 2024 written notice to Defendant denies there is coverage for the claims in the Defect Action because:

    a.   the Policy does not provide coverage for any occurrence subsequent to termination of the Policy;

    b.   the Policy does not provide coverage for the quality, condition or installation of Defendant's work;

    c.   Defendant failed to comply with the Contractors Special Condition of the Policy, specifically by failing to obtain from any of the Subcontractors who worked at the Property, a written indemnity agreement, certificates of insurance and proof of adequate licensure; and

    d.   the Policy does not provide coverage for punitive or exemplary damages.

19. This matter involves a declaratory judgment action to determine whether coverage exists pursuant to the Policy for the claims brought in the Defect Action.

20. Plaintiff brings this matter pursuant to the South Carolina Code Annotated § 15-53-10, *et. seq.* and involves an actual, justiciable controversy between the parties as described herein.

21. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that the Policy does not provide insurance coverage as it relates to the claims alleged in the Defect Action.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Action)

22. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 21.

23. Plaintiff alleges there is no coverage and no duty to defend pursuant to the Policy for the claims alleged in the Defect Action.

24. Plaintiff provided timely and written notice to Defendant.  See Exhibit B.

25. This Court has authority to grant declaratory relief and judgment and to declare the rights and other relations of these interested parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and, since this Court is sitting in diversity, pursuant to the South Carolina Uniform Declaratory Judgments Act, S. C. Code Ann. Section 15-53-10 *et seq.* and Section 15-53-40 relating specifically to construction of an insurance contract.

26. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth in the Defect Action because the Policy does not provide coverage for any occurrence subsequent to termination of the Policy.

27. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth in the Defect Action because the Policy does not provide coverage for the quality, condition or installation of Defendant's work.

28. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth in the Defect Action because the Policy does not provide coverage for punitive or exemplary damages.

29. Plaintiff is entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth in the Defect Action because Defendant failed to comply with the Contractors Special Condition of the Policy, specifically by failing to obtain from any

independent contractors who worked at the Property, a written indemnity agreement and

certificates of insurance naming Plaintiff as an additional insured.

WHEREFORE, Plaintiff prays that this Honorable Court issue an Order declaring there is

no coverage pursuant to the Policy for the claims brought forth in the Defect Action, and for such

other and further relief as this Honorable Court may deem just and proper.

> *s/ Christopher C. Mingledorff*
> Christopher C. Mingledorff
> South Carolina Bar No. 100390
> S.C. District Court Bar No. 12034
> MINGLEDORFF & PATTERSON, LLC
> 245 Seven Farms Drive, Suite 310, Box 13
> Charleston, South Carolina 29492
> (843) 471-1015 – Telephone
> (843) 996-1403 – Facsimile
> ***Attorney for Plaintiff***

April 14, 2025
Charleston, South Carolina